**Martin Shea, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.**

1. RAILROADS—*when not liable for double amount expended in erecting farm crossing.* Before a recovery can be had of a railroad company for double the amount expended by an owner in erecting a farm crossing, such owner must bring himself within the reasonable provisions of the statute which requires the construction of such crossing.

2. RAILROADS—*when not obligated to construct farm crossing. Held,* under the evidence in this case, there being no public highway to which access was desired and no reasonable necessity for the construction of such a crossing, the railroad was not obligated to construct the same merely because it might serve the personal convenience of the owner.

Action commenced before justice of the peace. Appeal from the Circuit Court of Coles county; the Hon. W. B. SCHOLFIELD, Judge, presiding. Heard in this court at the May term, 1910. Reversed. Opinion filed October 18, 1910.

GEORGE B. GILLESPIE, for appellant; L. J. HACKNEY, GILLESPIE & FITZGERALD and JAMES VAUSE, JR., of counsel.

JAMES W. & EDWARD C. CRAIG, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by appellee against appellant to recover a penalty, under the statute, for double the amount expended by appellee in putting in an alleged farm crossing across the right of way of appellant, and the alleged failure of appellant to build said crossing after notice by appellee. Judgment below was for appellee for $67.40, being double the amount expended in the construction of said crossing.

Appellee, for a number of years, has owned sixty acres of land lying on the north side of the right of way of appellant; appellee has owned and farmed this sixty acres for forty years or more, during all of which time appellant or its predecessors owned a right of way adjoining the south line thereof upon which trains had been continuously operated.

About six years ago the Mattoon City Street Railway Company desired to build a line from the city of Mattoon to the city of Charleston. It was incorporated under the statute known as the Horse and Dummy Act and had no power to exercise the right of eminent domain, and for the purpose of assisting in obtaining the right of way for this line a new corporation was formed under the act regarding the incorporation of railroads; this was known as the Central Illinois Traction Company. It had the power to exercise the right of eminent domain and condemn its right of way. This right was exercised on portions of the right of way and after the right of way was thus secured, through the Central Illinois Traction Company, the right of way was conveyed to the Mattoon City Street Railway Company and the Central Illinois Traction Company, a corporation, was dissolved, and this line between the cities of Mattoon and Charleston was built by the Mattoon City Street Railway Company, which has since that time operated and controlled it.

This Mattoon City Street Railway Company, which

will hereafter be designated as the Interurban Company, built a station on its right of way immediately south of the tract of land owned by appellee, leaving the right of way of appellant between the station and appellee's land. Appellee's dwelling house was located on the north side of the tract of land farmed by him. There was a public highway running east and west north of this tract but there was no highway running south except about a mile and a half to the east or west of appellee's house and upon these highways was the only means of access to the depot or station located by the Interurban Company. The Interurban Company was engaged in hauling and delivering freight as well as passengers. Appellee desired to use this Interurban line for the purpose of going to and from the city of Mattoon and Charleston in shipping butter, milk and eggs thereon, and for the purpose of access to the Interurban station desired a crossing constructed across the right of way of appellant and to secure this he served written notice upon appellant to build and construct such crossing, basing his right upon the statute requiring railroads to construct farm crossings.

Appellant paid no attention to this notice and a short time thereafter appellee purchased one acre of ground on the south side of the Interurban Company's right of way and south of the right of way of appellant. At the time of the purchase of this one acre of ground it was in the possession of a tenant of the party from whom it was purchased by appellee and has so continued. After purchasing this one acre tract, appellee then served a second notice upon appellant, demanding the construction of a crossing, basing his right thereon upon the said paragraph 62, chapter 114 of Hurd's Revised Statutes of 1909, and setting forth that he was the owner of farm lands upon either side of the right of way of appellant and desired the crossing built for the purpose of use of these lands for agricultural purposes. Appellant still paid no attention to his notice.

Appellee then constructed a crossing at a point selected by him and placed gates upon the right of way fences of appellant to permit the free use of the crossing so constructed. Appellant tore up and removed the crossing built by appellee, closed the gates constructed by him and notified him to cease trespassing upon the right of way of appellant. Appellee then brought suit to recover a penalty under the statute for double the amount of the cost of construction of the crossing.

The record discloses that appellee suffered no inconvenience in the operation and management of his land for agricultural purposes more than forty years for lack of farm crossing, notwithstanding appellant or its predecessors continued, during all of that time, to operate a line of railroad adjoining its south side. There was no public highway which he desired to reach upon the south thereof and no necessity or desire for a farm crossing existed until after the construction of the station along the line of the Interurban Company, about six years ago, and while it may be a convenience for appellee to have a farm crossing constructed at this point, he must bring himself within the reasonable provisions of this statute under its proper construction before he can either force appellant to build such crossing for his convenience or recover the value thereof upon a failure to so build by appellant after notice.

The fact that appellee purchased an acre tract of ground upon the south side of the Interurban Railroad Company and which he has not attempted and does not attempt in any manner to farm for agricultural purposes in connection with the sixty acres originally owned by him does not place appellee in any better position in regard to being entitled to demand this crossing than if he did own such acre tract. The record discloses that the purchase of this tract was a mere subterfuge for the purpose of permitting appellee to show and claim that he owned land on either side of appellant's right of way.

Considerable time was spent in argument by counsel as to whether the farm crossing was a matter of right where a railroad right of way divides farm lands owned and operated by one proprietor; but this condition does not exist or arise from the facts in this case and it is unnecessary for us to consider that question.

Upon the question as to the sufficiency of the notice given to construct a crossing in this case, the notice specifically described each tract of land, but did not indicate any particular point at which the crossing was desired. We are of the opinion that the notice was sufficient without designating any particular point or location for the crossing and that the railroad company under the notice, if required to build the crossing at all, would have had the right to select the proper location therefor. The courts have held the railroad company is required to construct a farm crossing where such crossing is required for the reasonable convenience and occupation of the farm by its owner, and have held that where a farm crossing is necessary for the purpose of reaching a public highway, which is cut off or separated from the farm by a railroad, it then becomes the duty of the railroad to construct such farm crossing, but under the facts in this case there is no public highway to which access is desired and the only object of obtaining this crossing is for the personal convenience of appellee to obtain access to the depot of the Interurban Company; and it is conceded by appellee that the Interurban Company is not a railroad incorporated under or operated under the general railroad act of this state; consequently it does not fall within the rule declaring railroads to be public highways. This statute does not require railroad companies to build a farm crossing for each individual along its right of way who might desire to avoid a more circuitous route along the public highways to reach the station for the personal convenience of the owner of land upon the opposite side of the road upon which a

station is located, and the rule would be no different whether the station, so located, is upon the line of the company across whose right of way the crossing is desired or upon the right of way of another company immediately adjoining. A railroad company is not required to build these crossings for the personal convenience of the owners; before they can be demanded as his matter of right, they must relate to the reasonable convenience of the operation of the land as a farm.

The right to farm crossings is not one that may be invoked for the purpose of supplying the place of public highways. If appellee is in such position that a public highway is necessary, not only for himself but for other people to gain access to this Interurban depot, he might take the necessary steps to secure the opening of a highway by the highway commissioners. He does not come within the requirements of the statute giving him the right to demand a farm crossing; consequently he was a trespasser upon the right of way of appellant company in building the crossing at the place where he so constructed it, and the company had the right to tear up and remove the same and appellee is not entitled to recover the costs of the construction thereof from appellant.

The trial court erred in refusing to hold the following fifth and sixth propositions of law requested by appellant:

"The court holds as the law in this case that Shea is not entitled to a crossing over defendant's right of way by reason of the location of the station of the Mattoon City Railway Company on the south side of the defendant's right of way."

"The court holds as the law in this case that the plaintiff, Shea, is not entitled to recover the penalty sued for."

And for this reason the judgment of the trial court is reversed.

*Reversed.*